IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**TERRY L. ADAMS**,

    Petitioner,

v.                                               **CIVIL ACTION NO. 5:24-CV-51**
                                                 Judge Bailey

**R. BROWN**, Warden,

    Respondent.

## ORDER

    The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 22]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on July 19, 2024, wherein he recommends that the Motion to Dismiss [Doc. 16] be granted and that the petition [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND[1] & STANDARD OF REVIEW

    Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1] This Court fully adopts and incorporates herein the "Introduction" and "Background" sections of the R&R. *See* [Doc. 22 at 1–3].

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections to the R&R and a Motion to Reconsider on August 7, 2024. *See* [Doc. 24]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In his objections, petitioner first objects to the Government filing a "sur-reply." *See* [Doc. 24 at 1]. Petitioner argues that the Government "did not move for permission

to file" a "sur-reply." [Id.]. Petitioner asserts that the Government is "trying to get the last word" and that the sur-reply should be stricken. [Id.].

On the next page of his objections and Motion to Reconsider, petitioner states how in the Government's "sur-reply" conceded that petitioner is eligible to earn 365 days, the maximum allowable credit towards early release from custody. See [id. at 2].

This Court is perplexed. On the first page, petitioner requests this Court to strike the Government's "sur-reply," but no "sur-reply" was filed in the above-styled case. Respondent initially filed a Motion to Dismiss [Doc. 16]. Magistrate Judge Mazzone then issued a **Roseboro** Notice to petitioner, notifying petitioner of his right and obligation to file a response to respondent's Motion to Dismiss. See [Doc. 18]. Also in the **Roseboro** Notice, Magistrate Judge Mazzone states that Respondent may file a Reply within fourteen (14) days of the docketing of petitioner's Response. [Id. at 3–4]. Thus, petitioner's request that this Court strike the Government's "sur-reply" fails and insofar as this request is an objection, the objection is **OVERRULED**.

Petitioner's next objection asks this Court "to uphold the Law, not to make determinations on 'placement' and as to 'ripeness.'" See [Doc. 24 at 2–3].

First, petitioner requests that this Court not make determinations on "placement." As laid out in the R&R,

> 18 U.S.C. § 3621(b) gives the BOP authority to designate the place of prisoner's imprisonment, and "a designation of a place of imprisonment under this subsection is not reviewable by any court." See also **McKune**

*v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.").
[Doc. 22 at 7]. This Court will not make "determinations" on placement because those determinations of whether to release a prisoner to an RRC or home confinement are not reviewable. *See* [Doc. 22 at 7–8 (citing case law in support of this Court being unable to review determinations)].

Second, Article III of the United States Constitution limits the jurisdiction of this Court to cases or controversies. One of the first tasks of a Court when addressing a case is to evaluate whether the case has a viable legal issue left to resolve. *See* **Powell v. McCormick**, 395 U.S. 486, 496 (1969). This Court is required to determine whether a case is ripe for adjudication. Thus, petitioner's second objection is **OVERRULED**. Furthermore, this Court agrees with Magistrate Judge Mazzone that "it appears there is no viable legal issue left to resolve. . . ." *See* [Doc. 22 at 10]. In his objections and Motion to Reconsider, petitioner again discusses and requests a change to his eligible date for home confinement. *See* [Doc. 24 at 3–5]. As discussed in the R&R:

> The distinction between a date to be released to supervised release and a date to be eligible to home confinement may seem pedantic. Unfortunately for petitioner, the distinction is an important one in the context of a habeas petition.
>
> With respect to home confinement, the FSA amended 18 U.S.C. § 3624(c)(2) to provide:

4

> Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2); First Step Act of 2018, § 602, 132 Stat. at 5238.

However, it is well established that an inmate has no constitutional right to be confined to a particular institution, ***Meachum v. Fano***, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he will be confined in a particular prison. ***Olim v. Waukinekona***, 461 U.S. 238 (1983).

18 U.S.C. § 3621(b) gives the BOP authority to designate the place of a prisoner's imprisonment, and "a designation of a place of imprisonment under this subsection is not reviewable by any court." *See also* ***McKune v. Lile***, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). This Court and others have thus found that determinations of whether to release a prisoner to an RRC or home confinement are not reviewable. ***Winegar v. Adams***, No. 1:20-CV-246, 2021 WL 5629920, at *6 (N.D. W.Va. Nov. 3, 2021) (Mazzone, M.J.), *report and recommendation adopted*, No. 1:20-CV-246, 2021 WL 5629480 (N.D. W.Va. Nov. 30, 2021) ("with respect

5

to halfway house placement or home confinement, the petitioner is requesting that this Court order the BOP to place her in an RRC for twelve months or, in the alternative, place her on home confinement. This Court does not have the authority to do so."); *Crum v. Young*, No. 5:20-CV-00658, 2021 WL 2843835, at *6 (S.D. W.Va. Jan. 27, 2021) (Eifert, M.J.), *report and recommendation adopted Crum v. Young*, No. 5:20-CV-00658, 2021 WL 2434358 (S.D. W.Va. June 15, 2021) ("while the First Step Act provides criteria for the BOP to consider when designating an inmate to a place of imprisonment, it also states unequivocally that the BOP's designation is not subject to judicial review."); *United States v. Smith*, No. 6:15-CR-00006-001, 2019 WL 4016211, at *2 (W.D. Va. Aug. 26, 2019) (Moon, J.) ("While the Second Chance Act and the First Step Act expand the BOP's authority to place prisoners, they do not vest placement authority in this Court.") (citations omitted); *United States v. Lowe*, No. 1:15CR11-1, 2019 WL 3858603, at *2 (M.D. N.C. Aug. 16, 2019) (Tilley, J.) ("under the First Step Act, Lowe does not have a right to be placed on home confinement or in a residential re-entry center; instead, the BOP has the discretion to determine if those options are appropriate for Lowe."); *Richardson v. Warden, Bennettsville FCI*, No. CV 4:21-3230-JD-TER, 2021 WL 8323632, at *2 (D. S.C. Nov. 10, 2021) (Rogers, M.J.), *report and recommendation adopted as modified*, No. 4:21-CV-03230-JD-TER, 2022 WL 1184038 (D. S.C. Apr. 21, 2022) ("To the extent Petitioner is requesting

6

relief of placement in home confinement under the First Step Act, the statute vests the authority to place Petitioner in home confinement with the BOP, not the courts.") (citations omitted). Thus, insofar as petitioner now seeks relief in the form of ordering the BOP to release petitioner to home confinement or to an RRC, or to alter the date on which they list him as eligible to be designated to either, this Court lacks the authority to issue such an order. [Doc. 22 at 6–8].

Lastly, the remainder of petitioner's objections "are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.2d 723, 730 (S.D. W.Va. 2009) (Johnston, J.) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See* **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules,

7

"referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Petitioner cites to some "[a]greement from the Government – or Concedement (sic)," the "purpose" of 2241s, cites three (3) Program Statements, and notes "FACTS – Agreements." These sections are devoid of any reference to specific findings made by Magistrate Judge Mazzone in the R&R. Thus, the objections are not sufficient and are **OVERRULED**.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [Doc. 22] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's objections [**Doc. 24**] are **OVERRULED** and his Motion to Reconsider [**Doc. 24**] is **DENIED AS MOOT**. Respondent's Motion to Dismiss [**Doc. 16**] is **GRANTED** and the Petition [**Doc. 1**] is **DENIED and DISMISSED WITHOUT PREJUDICE**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED**: August **13**, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE